[No. 5618. Decided September 12, 1905.]

WILLIAM H. KEIM, *Respondent,* v. CLARA R. RANKIN *et al., Appellants.*[1]

EVIDENCE—WRITINGS—UNAUTHENTICATED COPIES OF COURT PROCEEDINGS—IMPROPER INTRODUCTION FOR PURPOSE OF IMPEACHMENT—PAPERS NOT IMPEACHING WITNESS. Where a witness had testified that he had had no notice of a certain suit in a foreign court, copies of records and documents therein not authenticated in any way are not admissible for the purpose of impeachment of the witness, on his testimony that he had seen the papers, where it is uncontradicted that he did not read the papers at the time and did not know their contents.

Appeal from a judgment of the superior court for Spokane county, Richardson, J., entered April 15, 1904, upon the verdict of a jury rendered in favor of the plaintiff in an action against endorsers on promissory notes. Reversed.

*R. J. Danson,* for appellants.

*Tolman & Kimball,* for respondent.

ROOT, J.—This action was instituted by respondent to recover from appellants as endorsers on six promissory notes.

1Reported in 82 Pac. 169.

From a judgment in favor of respondent, an appeal is taken.

The principal issue of fact upon the trial was as to whether protest had been waived by appellants when said notes were endorsed. Upon this question the evidence was conflicting. The only assignment of error necessary for us to consider is as to the action of the trial court in admitting in evidence certain purported copies of papers used in connection with proceedings claimed to have been had in certain courts in the state of Ohio. None of these documents were in any manner authenticated. They were introduced in evidence by respondent as a part of his cross-examination of appellant O. L. Rankin. Said appellant was asked, upon direct examination, if he knew anything about one L. L. Rankin having paid upon these notes any of the proceeds of the estate as trustee, and if he knew of proceedings begun, after appellant left, with reference to the deeds or debts. Appellant answered in the negative. He further said that he had received no notice of said proceedings, and had entered no appearance therein. Upon cross-examination, he was asked if he remembered as to that matter having been discussed in the office of respondent's attorney. He answered in the affirmative. He was further interrogated by said attorney as follows:

"Is it not a fact, Mr. Rankin, after you looked over those papers and the notes, that you told me you supposed these notes were paid out of the proceedings, out of the funds coming from these proceedings? Ans. Yes, sir, I told you that, sir."

Then appellants' attorney propounded the following questions, to which he answered as indicated:

"Did you read those papers over at that time? Ans. No, sir. Q. I will ask you to state whether or not it is a fact that you supposed, when he referred to proceedings, that it was a foreclosure of a certain mortgage upon this homestead? Ans. Yes, sir, in Columbus, Ohio."

The documents were then received in evidence over appellants' objection. Mr. Rankin's statement that he did not read these documents was not disputed by any evidence in the case. His statement that he did not know of the proceedings in the Ohio courts, and had never made any appearance therein, remained uncontradicted. The documents introduced were purported copies of two petitions and two orders of court, and contained numerous allegations and statements well calculated to prejudice the rights of appellants before the jury. They seem to have been introduced for the purpose of impeachment. Because Mr. Rankin said he saw the papers as they were attached to the notes in the attorney's possession, it seems to have been thought that their introduction in some manner disputed his testimony. But as his evidence is that he did not read them, but supposed them to refer to an entirely different transaction, which evidence was absolutely undisputed, we can see no possible justification for their reception in evidence. As none of them were certified by any officer, court, or person, or authenticated in any manner, they were, of course, incompetent for the purpose of proving any of the facts therein alleged. Their only effect was to get before the jury much immaterial and incompetent matter highly prejudicial to appellants.

For this error, the judgment of the honorable superior court is reversed, and the cause remanded for a new trial.

MOUNT, C. J., CROW, HADLEY, FULLERTON, RUDKIN, and DUNBAR, JJ., concur.